UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80150-CIV-DIMITROULEAS

MARTIN E. O'BOYLE,                                        Magistrate Judge Snow

      Plaintiff,

vs.

SOUTH JERSEY PUBLISHING COMPANY,
doing business as The Press of Atlantic City,
doing business as
pressofatlanticcity.com,

      Defendant.

_____/

## ORDER OF REMAND

THIS CAUSE is before the Court upon a review of Defendant's Notice of Removal [DE 1] and Plaintiff's Complaint contained therein, Defendant's Response to Order to Show Cause [DE 6], and Plaintiff's Response to Order Regarding Jurisdictional Amount [DE 9]. The Court has carefully considered the record in this case, and is otherwise fully advised in the premises.

A court may remand a case *sua sponte* based on lack of subject matter jurisdiction when jurisdiction is alleged to be based on diversity and the removing party has not shown that the amount in controversy is met. 28 U.S.C. § 1447(c); see Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1321 (11th Cir. 2001).

In its February 9, 2011 Order to Show Cause [DE 4], the Court expressed its concern over whether the amount in controversy is met in this case, where Defendant's Notice of Removal relied upon Plaintiff's Response to Request for Admissions [DE 1-2 at 53], in which Plaintiff (1) denies that Plaintiff *is* seeking actual damages in this matter in excess of $75,000 and (2) denies that Plaintiff *is not* seeking actual damages in this matter in excess of $75,000. In

its Response to the Order to Show Cause [DE 6], Defendant explained that, despite Plaintiff's contradictory answers, Defendant had a good faith belief that the thirty-day period to timely remove set forth in 28 U.S.C. § 1446(b) had begun to run upon the service of Plaintiff's January 7, 2011 Response to Request for Admissions.  As an alternative relief, Defendant requested that Plaintiff be ordered to clarify his answer to the damages discovery which was previously propounded. [DE 6 at 4].

Accordingly, the Court entered an Order to Show Cause to Plaintiff, requiring him to cease such jurisdictional gamesmanship and to file with the Court a declaration under penalty of perjury, stating unequivocally whether the amount in controversy in this case exceeds Seventy-five Thousand Dollars ($75,000).  On February 24, 2011, the Plaintiff filed his Response to Order Regarding Jurisdictional Amount, in which Plaintiff "states unequivocally that the amount in controversy in this case does not exceed $75,000." [DE 9].  Now that Plaintiff's possible evasive tactics in responding to the previously propounded damages discovery have been halted, and his answer has been clarified, the Court concludes that the jurisdictional amount in controversy requirement has not been met in this case and that remand is appropriate.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The above-styled case is hereby **REMANDED** to the Circuit Court of the

Fifteenth Judicial Circuit, in and for Palm Beach County, Florida;

2.      The clerk shall **CLOSE** this case and **DENY** all pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of February, 2011.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record